**SO ORDERED.**

**SIGNED this 02 day of May, 2011.**

                                                  *Stephani W. Humrickhouse*
                                                  **Stephani W. Humrickhouse**
                                                  **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**                                                                                         **CASE NO.**

**GREG ADAMS ENTERPRISES, INC.**                          **10-09784-8-SWH**

       **DEBTOR**

### MEMORANDUM OPINION

On April 4, 2011, this court entered a brief order denying the motion of Nash Finch Co. to dismiss or convert the debtor's case. This opinion sets out the basis for the court's ruling.

### Background

Greg Adams Enterprises, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on November 29, 2010. In 2001, the debtor had entered into a service agreement and sublease with Nash Finch Co., a wholesale grocery distributor, in connection with the debtor's establishment of a Piggly Wiggly grocery store in Broadway, North Carolina. Under the service agreement, Nash extended a loan to the debtor, and the debtor was required to make Nash its primary supplier of certain goods. Under both the service agreement and the sublease, the debtor was required to purchase at least 47% of the store's annual retail sales volume from Nash. The sublease was subject to a prime lease between Nash and Donald F. Andrews, the prime landlord. An amendment to the sublease provided that the debtor would have two options to extend the sublease for periods of five

years each, and if the first option was not exercised, the lease would expire on March 20, 2011. Second Amend. to Lease at 1.[1]

In June 2010, prior to the end of the lease term, litigation ensued between the debtor and Nash Finch Co., among others, in the U.S. District Court for the Middle District of North Carolina. The action was pending at the time of the hearing before this court, and appears to center around whether the terms of the service agreement have been breached. Later, in November 2010, Nash sent a letter to the debtor declaring default under the sublease on numerous grounds. Finally, in December 2010, shortly after the present petition was filed, the debtor sent Nash a letter canceling the service agreement due to an alleged material breach of the agreement. Subsequently, the debtor did not elect to renew the sublease with Nash for the Piggly Wiggly store premises.

In support of its motion to dismiss the debtor's case, Nash contends that because the debtor did not renew the sublease, the debtor will have no premises from which to reorganize. Further, Nash argues that relocation would cause the debtor to lose the goodwill associated with the current store location. According to Nash, this is "cause" for purposes of § 1112(b)(1) and (4)(A), as it will result in a substantial loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. In addition, Nash contends that the debtor filed its petition in bad faith. Specifically, Nash points to a statement by the debtor's representative at the § 341 meeting, that the "'whole reason for the bankruptcy is the litigation.'" Mot. to Dismiss at 7. Nash therefore argues that the debtor filed the petition in order to obstruct and delay the district court litigation, which is not a proper purpose for a chapter 11 filing. Finally, Nash contends that the debtor is solvent and

---

[1] The pleadings differ as to the expiration date of the lease, in that Nash's motion indicates March 15, 2011, while the Second Amendment to the Lease, which was attached to the motion, as well as the debtor's response indicate March 20, 2011.

has no need to reorganize, and therefore cannot meet its burden of establishing that the petition was filed in good faith.

On the other hand, the debtor represents that it will have a commercial location after reorganization because it intends to lease the current premises directly from the prime landlord. Even if it moved to another location, the debtor contends that it would not lose its goodwill because it operates the only full-service grocery store in the small town of Broadway. According to the debtor, instead of filing the petition to impede the litigation, the debtor sought to reorganize and survive, as the litigation created circumstances that threatened the debtor's continued existence. Specifically, the debtor represents that it perceived a threat from both the timing of Nash's default letter, which arrived immediately after an unsuccessful mediated settlement conference, as well as a significant increase in Nash's prices. Finally, the debtor contends that solvency is not the only relevant factor in determining whether a petition is filed in good faith. It is the debtor's position that it sought bankruptcy protection because it believes Nash has acted in a commercially unreasonable and wrongful manner, and if allowed to continue, Nash's actions would have threatened the debtor's commercial viability.

Discussion

Under § 1112(b) of the Bankruptcy Code, "the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The 'cause' asserted by Nash for dismissal pursuant to the statute is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable

likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). Although Nash contended in its motion that such cause exists because the debtor will not have premises from which to operate its business once the sublease expires, the debtor has since represented that it has negotiated with the prime lessor to remain on the premises through a direct lease. Should this come to fruition, Nash's argument under § 1112(b)(4)(A) necessarily fails. Even if the direct lease negotiations fell through, the court is not convinced that the debtor would lose its goodwill and therefore its customer base if it moved to another location, given the debtor's representation that it is the only full-service grocery store in a small town.

With regard to Nash's argument that the debtor filed its petition with an improper motive, the Fourth Circuit held in Carolin Corp. v. Miller that "a generalized 'good faith filing' requirement appears implicit in § 1112(b)." 886 F.2d 693, 699 (4th Cir. 1989). Whether a case may be dismissed for lack of good faith is determined by application of a two-part test derived from Carolin: the movant must demonstrate "*both* objective futility and subjective bad faith." Id. at 700. Nash, however, asserts that the Carolin standard should not apply here, because Carolin involved a typical *in*solvent debtor rather than a *solvent* debtor like the one in this case. It is Nash's position that when a debtor can pay its debts as they become due, its bankruptcy filing can never be objectively futile, because it will "reorganize" using a "status quo" plan but continue to pay its debts. With a "status quo" plan, no creditor would be "impaired" pursuant to § 1124, and as such, no class of creditors would need to accept the plan under § 1129(a)(8)(A) because "each such class would be exempted from the acceptance process pursuant to Section 1129(a)(8)(B) of the Bankruptcy Code." Nash's Supp. Memo. at 4. Nash contends that the court should focus solely on the debtor's intent in filing

4

the petition, because when objective futility cannot possibly be found, the Carolin standard will not be satisfied and the case will always survive the motion to dismiss.

The court disagrees. First, nowhere in the Carolin decision does the court limit its holding to insolvent debtors. Without evidence of a Fourth Circuit decision to the contrary, Carolin is binding on this court as to the standard for dismissal on the grounds of bad faith, whether the debtor is solvent or insolvent. In this case, however, the analysis begins and ends with the subjective bad faith prong of the two-part Carolin test; the court does not need to consider objective futility because it does not find that the debtor filed its petition in bad faith. This debtor filed its petition under threat of eviction, whether express or implicit. Given that the debtor's business is the operation of a retail store, its business premises is vital to its continued operations. Without a business premises to enable the production of revenue, it follows that the debtor would be unable to meet its financial obligations. Further, the facts taken as a whole suggest that the debtor filed the petition in an effort to preserve its business, rather than impede the district court litigation. As a result, Nash has not established that the debtor filed its petition in bad faith.

Accordingly, the court does not find cause to dismiss the debtor's case at this time and the motion to dismiss is **DENIED.**

**END OF DOCUMENT**